UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Spectrum Laboratories, LLC, | ) | Case No. 1:12-cv-850 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Safe Solution LLC, dba | ) | |
| DetoxQuickFix.com | ) | Jury Trial Demanded |
| | ) | |
| Defendant. | ) | |

## Complaint

For its complaint against defendant Safe Solution LLC, dba DetoxQuickFix.com, plaintiff Spectrum Laboratories, LLC states:

## Summary of Case

1. Spectrum is the exclusive owner of the "QUICK FIX" trademark, which Spectrum has used for over a decade in connection with Spectrum's popular QUICK FIX™ synthetic urine product.

2. Aware of Spectrum's success, Safe Solution hatched an illegal business scheme to exploit the notoriety of QUICK FIX to enrich itself.

3. Specifically, Safe Solution registered the domain name detoxquickfix.com, adopted the trade name "DetoxQuickFix.com," and began using the domain name to run an online store offering Spectrum's QUICK FIX products and competing products.

{4028787:}

4. Through its unlawful use of the QUICK FIX mark, Safe Solution is deceiving customers into believing that DetoxQuickFix.com is a Spectrum website and that all of the products offered there originate from Spectrum.

5. Safe Solution's unlawful use of the QUICK FIX mark is infringing Spectrum's trademark rights, is causing Spectrum to lose sales, and is irreparably harming the goodwill that Spectrum has worked for years to build.

6. Spectrum therefore brings this action under the Lanham Act and state law to end Safe Solution's unlawful use of the QUICK FIX mark.

## The Parties

7. Spectrum Laboratories, LLC is an Ohio limited liability company with a principal place of business in Cincinnati, Ohio.

8. Safe Solution LLC is an Ohio limited liability company with, upon information and belief, a principal place of business in Goshen, Ohio. Safe Solution does business under the trade name "DetoxQuickFix.com".

## Jurisdiction and Venue

9. This Court has subject matter jurisdiction over Spectrum's Lanham Act claims under 15 U.S.C. § 1121 and under 28 U.S.C. § 1331 because they arise under federal law.

10. This Court has supplemental subject matter jurisdiction over Spectrum's state law claims under 28 U.S.C. § 1367 because those claims are so related to the Lanham Act claims that together the claims are part of the same case or controversy under Article III.

11. This Court has personal jurisdiction over Safe Solution because, among other things, it is incorporated in Ohio and has a principal place of business in Ohio.

12. Venue is proper under 28 U.S.C. § 1391 because Safe Solution is subject to personal jurisdiction in this district under Ohio law and, therefore, "resides" in the Southern District of Ohio according to federal law.

## Relevant Facts

### I. Spectrum's QUICK FIX Mark

13. Since at least 2001, Spectrum has marketed and sold its popular Quick Fix synthetic urine product throughout the United States.

14. Since that time, Spectrum has invested time, energy, creativity, and money into perfecting the formula to Quick Fix and improving the brand image.

15. Spectrum's efforts have paid dividends as Quick Fix now has a reputation as the highest quality and most reliable synthetic urine product in the market.

16. Spectrum also has devoted substantial amounts of money and effort to promote, market, and provide its goods and services in association with its QUICK FIX mark for many years.

17. Since 2001, Spectrum has generated millions of dollars in revenue from the sale of products incorporating the QUICK FIX mark.

18. Spectrum owns and has the exclusive right to use the QUICK FIX mark in connection with synthetic urine products (and related goods and services)

by virtue of its development, creation, and use of the QUICK FIX mark and the timing thereof.

19. Through its advertising, marketing, promotional efforts, and sales, Spectrum has enhanced the reputation of the QUICK FIX mark, and it has caused the QUICK FIX mark to grow in strength, value, and recognition to the point that the marketplace instantly associates the distinctive QUICK FIX mark with Spectrum's synthetic urine products, its related goods, and their high quality.

**II.  Safe Solution's Wrongful Acts**

20. Safe Solutions owns and operates an online business that it calls DetoxQuickFix.com.

21. Safe Solutions started DetoxQuickFix.com long after Spectrum began using the QUICK FIX mark.

22. Safe Solutions chose the name DetoxQuickFix.com with full knowledge of Spectrum's prior use of the QUICK FIX mark.

23. DetoxQuickFix.com is primarily an online store that sells synthetic urine products and accessories, detoxification products, and tobacco accessories through a website located at www.detoxquickfix.com.

24. DetoxQuickFix.com sells Spectrum's Quick Fix product, synthetic urine products of Spectrum's competitors, and other products – such as detoxification products – of Spectrum's competitors.

25. DetoxQuickFix.com uses the following logo, which unlawfully incorporates the QUICK FIX mark, on its website:



26. Safe Solution registered the domain name detoxquickfix.com through a proxy registration service called "Domains By Proxy, LLC" to conceal its identity as the true registrant of that domain name.

27. Upon information and belief, Safe Solution has used the QUICK FIX mark with the specific intent to confuse the marketplace, to trade on Spectrum's goodwill, and to divert business from Spectrum to itself.

28. Upon information and belief, through its improper use of the QUICK FIX mark, Safe Solution has confused actual and potential customers, has diminished Spectrum's sales, has falsely and unfairly inflated the reputation and goodwill of Safe Solution, has diminished the value and goodwill of the QUICK FIX mark, and continues to do all of those things.

29. Spectrum has never given Safe Solution permission to use the QUICK FIX mark.

30. In an effort to resolve this dispute without litigation, Spectrum's attorney wrote to Safe Solutions on October 10 and 18, 2012, urging Safe Solution to end its unlawful activities.

31. Safe Solution, however, has refused to do so, thus necessitating this lawsuit.

## **Count One**
*Trademark Infringement under the Lanham Act*
(15 U.S.C. § 1125)

32.  Spectrum incorporates by reference all preceding allegations in this complaint as if fully rewritten herein.

33.  The QUICK FIX mark is valid and legally enforceable.

34.  Spectrum owns the QUICK FIX mark.

35.  The QUICK FIX mark is inherently distinct.

36.  Through years of usage, Spectrum's QUICK FIX mark also has acquired distinctiveness in the marketplace, such that those in the relevant channels of distribution readily associate QUICK FIX with Spectrum and its goods and services.

37.  By using the QUICK FIX mark to provide goods and services that do not originate from Spectrum, Safe Solution has caused, and is likely to continue to cause, confusion in the minds of purchasers concerning the origin, source, sponsorship, approval, and association of Spectrum's goods and services, Safe Solution's goods and services, or both.

38.  Safe Solution's actions are trademark infringement under 15 U.S.C. § 1125(a)(1)(A).

39.  Upon information and belief, Safe Solution has willfully infringed the QUICK FIX mark.

40. Safe Solution's trademark infringement has damaged Spectrum and caused it irreparable harm, which will continue unless Safe Solution's unlawful conduct is enjoined by this Court.

### Count Two
*Cyberpiracy under the Lanham Act*
*15 U.S.C. § 1125(d)*

41. Spectrum incorporates by reference all allegations in all preceding paragraphs of this complaint as if fully rewritten herein.

42. The domain name detoxquickfix.com is confusingly similar to the QUICK FIX mark.

43. Safe Solution has registered and is using the detoxquickfix.com domain name with a bad faith intent to profit from the QUICK FIX mark.

44. As a direct and proximate result of Safe Solution's unlawful registration and use of the detoxquickfix.com domain name, Spectrum has been damaged in an amount to be determined at trial.

45. As a direct and proximate result of Safe Solution's unlawful registration and use of the detoxquickfix.com domain name, Spectrum has suffered, and will continue to suffer, irreparable harm. Such harm will continue unless enjoined by the Court.

### Count Three
*Violations of the Ohio Deceptive Trade Practices Act*
(Ohio Revised Code § 4165.01, *et seq.*)

46. Spectrum incorporates by reference all preceding allegations in this complaint as if fully rewritten herein.

47. Safe Solution's unlawful activities violate Ohio's Deceptive Trade Practices Act.

48. Safe Solution's violations of Ohio's Deceptive Trade Practices Act have damaged Spectrum and caused it irreparable harm, which will continue unless Safe Solution's unlawful conduct is enjoined by this Court.

### Count Four
*Unfair Competition*

49. Spectrum incorporates by reference all preceding allegations in this complaint as if fully rewritten herein.

50. Safe Solution's unlawful activities are unfair competition under Ohio common law.

51. Safe Solution's unfair competition has damaged Spectrum and caused it irreparable harm, which will continue unless Safe Solution's unlawful conduct is enjoined by this Court.

### Count Five
*Unjust Enrichment*

52. Spectrum incorporates by reference all preceding allegations in this complaint as if fully rewritten herein.

53. Through its unlawful activities, Safe Solution has obtained benefits, including sales, that rightfully belong to Spectrum.

54. Safe Solution has not compensated Spectrum for the benefits that Safe Solution wrongfully obtained, despite justice and equity requiring it to do so.

55. Safe Solution has unjustly enriched itself by obtaining and retaining the ill-gotten benefits of its unlawful activities.

56. Safe Solution's receipt and retention of the benefits of its unlawful activities is unjust enrichment.

57. Safe Solution's unjust enrichment has damaged Spectrum and caused it irreparable harm, which will continue unless Safe Solution's unlawful conduct is enjoined by this Court.

### Prayer for Relief

**WHEREFORE**, Spectrum prays for judgment against Safe Solution as follows:

(A) Compensatory damages in an amount to be determined at trial.

(B) An accounting and disgorgement of Safe Solution's ill-gotten profits.

(C) Punitive damages.

(D) Attorneys' fees.

(E) Pre-judgment and post-judgment interest.

(F) Costs of the action.

(G) Preliminary and permanent injunctive relief, barring Safe Solution and others from: (i) using the QUICK FIX mark or anything confusingly similar to it in a domain name, as a business name, or in any other manner that is likely to cause consumer confusion; and (ii) committing any of the other wrongful acts cited in this complaint.

(H) An order forfeiting or cancelling the detoxquickfix.com domain name or transferring it to Spectrum.

    (I)    Such other and further relief as allowed at law or in equity that the Court deems to be appropriate and to which Spectrum is entitled.

Dated: November 2, 2012

    /s/ Matthew J. Cavanagh
David B. Cupar (OH 0071622)
Matthew J. Cavanagh (OH 0079522)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 │ f 216.348.5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

*Counsel for Spectrum Laboratories, LLC*

## **Jury Demand**

Spectrum Laboratories, LLC hereby demands a jury trial for all issues so triable.

                                              s/ Matthew J. Cavanagh
                                              *Counsel for*
                                              *Spectrum Laboratories, LLC*